James F. Metcalf
AZ Bar No. O18852
Metcalf & Metcalf, P.C.
51 West 2nd Street
Yuma, Arizona 85364
Tel: (928) 782-2558
metcalfmetcalfpc@yahoo.com

Hayden E. Hanna
AZ Bar No. O2O832
The Law Offices of Hayden E. Hanna, PLLC
312 East Peach Street
El Dorado, AR  7173O
Tel: (870) 862-6404
haydenhanna@hotmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

**PHOENIX DIVISION**

| | |
|---|---|
| ALMA LUPE BUSTAMANTE and JOSE JESUS BUSTAMANTE,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ALBERTO GONZALES, United States Attorney General; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; AL GALLMAN, Acting District Director, Phoenix; DRUG ENFORCEMENT ADMINISTRATION; KAREN TANDY, Administrator; CONDOLEEZZA RICE, United States Secretary of State; MAURICE PARKER, Consul General of the United States, City of Ciudad Juarez, Mexico; ERIC CRUZ, United States Consular Official, in his official and individual capacities,<br><br>　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT** |

COME NOW the Plaintiffs, and, for their Complaint against the Defendants, allege as follows:

1. Jurisdiction in this Court is alleged pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1361.

2. Plaintiff Jose Jesus Bustamante is a citizen of Mexico, and resides in San Luis Rio Colorado, Sonora, Mexico.

3. Plaintiff Alma Lupe Bustamante is a citizen of the United States, and resides in Yuma, Arizona. Alma Lupe Bustamante is the wife of Plaintiff, Jose Jesus Bustamante.

4. Defendant Alberto Gonzales is the Attorney General of the United States, and is being sued in his official capacity.

5. Defendant United States Citizenship and Immigration Services ("USCIS") is an agency of the United States Department of Justice.

6. Defendant Al Gallman is the Acting District Director of the Phoenix District Office of USCIS, and is being sued in his official capacity.

7. Defendant Karen Tandy is the Administrator for the Drug Enforcement Administration, and is being sued in her official capacity.

8. Defendant Condoleezza Rice is the United States Secretary of State, and is being sued in her official capacity.

9. Defendant Maurice Parker is the Consul General of the United States in the City of Ciudad Juarez, Mexico, and is being sued in his official capacity.

10. Defendant Eric Cruz, is a consular official in the United States Consulate in Ciudad Juarez, Mexico, and is being sued in his official and individual capacities.

11. The Court has jurisdiction over the Defendants and the subject-matter of this action, and venue is properly fixed in this Court.

12. Plaintiff Jose Jesus Bustamante has a business in Mexico. The Plaintiff was granted a border-crossing card by the former Immigration and Naturalization Service, and used that card for many years to commute between Mexico and the United States for business purposes.

13. Plaintiff Alma Lupe Bustamante filed an immediate-relative petition on behalf of her husband, Plaintiff Jose Jesus Bustamante, in order that Jose Jesus Bustamante could become a lawful permanent resident of the United States.

14. As part of the process of becoming a lawful permanent resident, Plaintiff Jose Jesus Bustamante applied for an immigrant visa through the United States Consulate in Ciudad Juarez,

1  Mexico.

2  15.  The Plaintiffs were informed by Defendant Eric Cruz, a consular officer at the United States
3  Consulate in Ciudad Juarez, Mexico, that the Consulate had reason to believe that Plaintiff Jose Jesus
4  Bustamante was trafficking in illegal drugs.  The Defendants refused to reveal to the Plaintiffs the purported
5  information upon which they based their determination that the Plaintiff was trafficking in illegal drugs, telling the
6  Plaintiffs that such information was secret.

7  16.  Plaintiff Jose Jesus Bustamante has not and does not traffic in illegal drugs, has never been in
8  trouble with the law, and has never been arrested.

9  17.  At a subsequent meeting with officials of the Drug Enforcement Administration, the Defendant
10  officials told the Plaintiffs that they wanted Plaintiff Jose Jesus Bustamante to become an informant for the
11  United States government in Mexico, and to report to the Defendants with respect to trafficking in illegal drugs
12  by others, including United-States and Mexican citizens.

13  18.  The Defendants told the Plaintiffs that, if Plaintiff Jose Jesus Bustamante cooperated with them
14  in the Defendants' plan, his problems in obtaining a visa "would go away."  They also told the Plaintiffs that, if
15  Plaintiff Jose Jesus Bustamante did not cooperate, he would never obtain a visa and would never become a
16  lawful permanent resident of the United States.

17  19.  When Plaintiff Jose Jesus Bustamante refused to become an informant as requested by the
18  Defendants, the Plaintiff's visa application was denied by the Defendant consular officials.  The Defendants also
19  next revoked the Plaintiff's border-crossing privileges which he had possessed for many years without incident.

**COUNT ONE**
**(Mandamus--28 U.S.C. § 1361:  against all Defendants**
**in their official capacities)**

23  20.  The allegations contained in paragraphs 1 through 19 are repeated and realleged as if fully set
24  forth herein.

25  21.  In making the Plaintiff's visa application depend upon the Plaintiff's agreement to become an
26  informant for the United States government, the Defendants failed to act on the basis of a facially legitimate and
27  bona fide reason for denying the Plaintiff's visa application.

28  22.  In informing the Plaintiffs that the visa application would never be acted upon, and that

Plaintiff Jose Jesus Bustamante would never become a lawful permanent resident of the United States unless he agreed to become an informant pursuant to the Defendants' plan, the Defendants suspended administrative action on the Plaintiff's visa application, to which the Plaintiffs were entitled, on the basis of a reason that was not facially legitimate and bona fide.

23. The Defendants' duty to act upon the Plaintiff's visa application in the manner required by law is nondiscretionary and ministerial, and the Plaintiffs have a clear and certain right to such action by the Defendants. The Plaintiffs have no other adequate remedy than an order compelling the Defendants to perform their official duties to the Plaintiffs.

**COUNT TWO**
**(Bivens Action: against Defendants Eric Cruz**
**in his individual capacities)**

24. The allegations contained in paragraphs 1 through 23 are repeated and realleged as if fully set forth herein.

25. The Plaintiffs possessed and possess a property interest in Plaintiff Jose Jesus Bustamante's ability to obtain status as a lawful permanent resident of the United States, and to obtain an immigrant visa as part of the process of becoming a lawful permanent resident.

26. The Plaintiffs have a clearly established right to procedural due-process, under the Fifth Amendment to the United States Constitution, to have the responsible consular officials decide the Plaintiff's visa application in the manner required by law, and not to subvert the decisional process for illegal or inappropriate purposes.

27. Defendant Eric Cruz, acting as an official of the United States Consulate in Ciudad Juarez, Mexico and in concert with agents of the other named Defendants, violated the Plaintiffs' due-process rights under the Constitution by departing from the prescribed process for deciding immigrant-visa applications, and by making Plaintiff Jose Jesus Bustamante's visa application depend upon his agreement to become an informant for the United States government.

28. Defendant Eric Cruz, acting as an official of the United States Consulate in Ciudad Juarez, Mexico, and in concert with agents of the other named Defendants further violated the Plaintiffs' due-process rights under the Constitution by departing from the prescribed process for deciding

immigrant-visa applications, and by suspending administrative action on the Plaintiff's visa application based upon reasons that are not part of the prescribed process for deciding such applications.

29. The Defendants had an unlawful intent to deprive the Plaintiffs of their above said rights under the United States Constitution, as evidenced by their overt, unlawful attempt to have Plaintiff Jose Jesus Bustamante agree to become an informant for the United States government as a precondition to processing his visa application as required by law.

30. The Plaintiffs have suffered damages as a direct and proximate result of the above said unlawful conduct by the Defendants.

WHEREFORE, the Plaintiffs demand judgment as follows:

    a. for an injunction directing the Defendants to perform their duty to process the Plaintiff's visa application in the manner prescribed by law, and not on the basis of any illegitimate or bad-faith reasons; and

    b. for damages in an amount to be determined at trial that exceeds diversity jurisdiction;

    c. a declaration that the defendants' actions in this case were arbitrary, capricious, unreasonable and contrary to their own guidelines;

    d. an order providing Plaintiffs with reasonable costs and attorney's fees as well as such other and further relief as to the Court deems is reasonable, just, and proper.

METCALF & METCALF, P.C.
*Attorneys at Law*

*/s/James F. Metcalf*
James F. Metcalf
Attorney for Plaintiffs